# DENIED WITHOUT PREJUDICE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIS & HER CORP. d/b/a HIS & HER HAIR GOODS CO., | Civil Action No. 11-05323 (GAF)(VBK) |
| Plaintiff, | |
| v. | **[PROPOSED] PROTECTIVE ORDER** |
| SHAKE-N-GO FASHION, INC.; MODEL MODEL HAIR FASHION, INC.; C&J BEAUTY SUPPLY, an unknown entity; TIGI BEAUTY SUPPLY, an unknown entity; PINK BEAUTY SUPPLY & SALON, INC., a California corporation; SAM'S BEAUTY, an unknown entity; EBONY WIG & BEAUTY SUPPLY, an unknown entity; WOW BEAUTY SUPPLY, an unknown entity; and BASKET BEAUTY SUPPLY, a California corporation, | NOTE: CHANGES MADE BY THIS COURT |
| Defendants. | |
| _____ | |
| AND RELATED COUNTERCLAIMS. | |

**GOOD CAUSE HAVING BEEN FOUND** to issue a protective order to protect any confidential, trade secret and/or proprietary information that is exchanged during discovery, the Parties' "Stipulated Confidentiality Agreement and Protective Order" is approved an becomes the Order of the Court.  It is **ORDERED**:

1.      The Parties represent that certain discovery and initial disclosure materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, are expected to contain information claimed by one or more of the parties to be confidential non-public information of a personal, financial, and/or commercial nature which may constitute a trade secret or proprietary information, including: price lists, sales information, customer information (including but not limited to lists), and supplier and/or manufacturer information, costs information, profit information (including but not limited to invoices and reports (e.g., sales reports) and other documents reflecting such information), and personal or private information (e.g., home addresses, credit card information).   The Parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate confidentiality and privacy concerns.  The parties wish to avoid the expense and delay of motions to compel discovery or for a protective order to obtain a determination of whether the matter is protected by confidentiality, privacy or other privilege.  Thus, a stipulation and order thereon will conserve the resources of the Court and the parties.  Further, the parties assert that materials designated as "Confidential Information" (defined below) pursuant to the procedures below should be protected by a Court order rather than by a private agreement because the entry of a protective order would carry the weight of the Court's imprimatur and authorize the exercise of its contempt power over any potential violations of this protective order.  A private agreement between the parties would not serve to fully protect the confidential nature of the materials containing Confidential Information from unwarranted disclosure or use, as it would not provide sufficient remedies in the event of

misappropriation and would therefore not be as strong of a deterrent against such misappropriation.  The parties intend this Stipulation and Order to address these concerns.

2.     This Protective Order shall govern the disclosure and use by receiving parties of any documents, testimony or other information the producing party (including third party witnesses) considers in good faith to be, or to reflect or reveal a trade secret, as that term is defined by California Civil Code § 3426.1, or other proprietary information that is not publicly available designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" (collectively, "Confidential Information") pursuant to paragraph 7.

3.     In the event this case proceeds to trial, all information designated as Confidential Information becomes public unless sufficient cause is shown.   The parties will address in connection with the final pre-trial conference, procedures for such showing to be made to the Court.  The parties will cooperate in establishing procedures acceptable to the Court to protect Confidential Information pursuant to this Protective Order both at trial and upon any appeal of this case.

4.     For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

5.     This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.  Each party shall retain the right to oppose disclosure or production of any information sought in discovery on any additional grounds outside the provisions of this stipulated Order.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without

involving the Court unnecessarily in the process. Nothing in this Order shall affect or prejudice or enhance the rights any party has to seek discovery from another party, a party's right to object to requests for discovery (including on the ground that the request seeks information that is confidential) or a party's right to seek to compel the production of information by way of a court order under the Federal Rules of Civil Procedure. Nothing in this Order, or the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidential nature or non-confidential  nature of any such document or information.

6.     Each party shall keep confidential and not use or disclose any Confidential Information of another party (or third party witness) except as provided in paragraph 8 below.

7.     Any party (including third parties) may designate any Discovery Materials it deems to be confidential by designating such Discovery Materials as Confidential Information.

8.     Except as provided in paragraph 12, access to Discovery Materials designated Confidential Information shall be restricted in accordance with the following provisions:

(a)     Discovery Materials, and any information extracted from them, which have been designated Confidential Information shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

(b)     "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry

Doc. # CC-267807 v.1

clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named parties, which includes employees of any company, assisting in the defense of the action; (3) consultants and experts who have signed an undertaking in the form attached as Exhibit 1; (4) any professional vendors or other persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium and their employees and subcontractors); (5) any private mediator or other ADR professional retained or selected by the parties to assist in the resolution of the matter; (6) the court and court personnel, in accordance with the terms specified below in paragraphs (d)-(e), and (7) as agreed to by the producing party in writing.  There shall be no other permissible dissemination of CONFIDENTIAL Discovery Materials.

(c)     "CONFIDENTIAL - ATTORNEYS EYES ONLY" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) the court and court personnel, in accordance with the terms specified below in paragraphs (d)-(e), (3) any professional vendors or other persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium and their employees and subcontractors); (4) outside experts and consultants, who are not officers, directors, employees, or shareholders of a party or competitors, who have been retained in

connection with this action, and who have signed an undertaking in the form attached as Exhibit 1, and (5) as agreed to by the producing party in writing.

(d)     No copies, extracts or summaries of any document designated Confidential Information shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and given the same confidentiality designation as the original and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(e)     Counsel of Record may allow access to Discovery Material designated Confidential Information to their retained outside consultants, provided that any such outside consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit 1.  Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as Confidential Information is subject to all the provisions of this Protective Order.  Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings.     No Discovery Material designated as Confidential Information may be disclosed to an outside consultant prior to execution of the form attached as Exhibit 1.

(f)     During depositions, Counsel of Record may question any witness about any Discovery Material designated Confidential Information to the extent the witness has already had access to such Confidential Information.   However, where the witness or deponent testifies about such designated Discovery Material (i.e., Discovery Material designated as Confidential   Information),   the   party   who   marked   the   material   as

5
**[PROPOSED] PROTECTIVE ORDER**

Doc. # CC-267807 v.1

Confidential Information may instruct the Court Reporter to mark and seal such testimony as separate from the public record transcript and then shall be treated as Confidential Information of the designating party.  Portions of deposition transcripts designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be so marked and the designated portions, including exhibits consisting of Confidential Information Discovery Material, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non- confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or ordered by the Court.

(g)    **Filings Under Seal.**  In the event that any Confidential Information Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers are filed with this Court, the portions of pleadings or papers that contain the Confidential Information Discovery Materials shall be filed under seal pursuant to this Order. Pursuant to Local Rule 79-5: (i) the original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope; (ii) conformed copies need not be placed in sealed envelopes; and (iii) the materials to be sealed, shall not be electronically filed but shall be filed manually and a Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed.  All papers filed under seal that refer to or rely upon such Confidential Information shall designate the particular aspects that are confidential so that the Court, in drafting orders, can determine whether there is material which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.  Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be identified

**[PROPOSED] PROTECTIVE ORDER**
Doc. # CC-267807 v.1

as containing Confidential Information and shall be maintained as
Confidential Information as described herein.

9.    Nothing herein shall impose any restrictions on the use or disclosure by a
party of its own Confidential Information or information it received outside of discovery
from another party in this litigation.

10.   The disclosure of any Discovery Materials pursuant to the terms of this
Protective Order is not intended to be and shall not be construed as a waiver of any right
or a relinquishment of any confidentiality claim as to said Discovery Materials or as a
waiver of any claim that the information disclosed is a trade secret or is proprietary. In
the event that any Confidential Information is used in any Court proceeding in this
action, it shall not lose its confidential status through such use, and the party using such
shall take reasonable steps to maintain its confidentiality during such use.

11.   This Order shall be without prejudice to the right of a party (i) to bring
before the Court at any time the question of whether any particular document or
information is private or whether its use should be restricted or (ii) to present a motion to
the Court under FRCP 26(c) for a separate protective order as to any particular document
or information, including restrictions differing from those as specified herein.

12.   If any dispute arises concerning whether information designated as
Confidential Information should in fact be considered as Confidential Information or
whether it should be considered as a lower level of Confidential Information for purposes
of this Protective Order, the party who objects to the designation of the information as
Confidential Information shall give written notice of the objection.  The parties shall then
attempt to resolve the dispute informally and in good faith within five (5) business
days.  If the parties do not resolve the dispute informally, the party who designated the
information as Confidential Information shall have fifteen (15) business days from the
date the written notice of objection is given to file a motion seeking resolution of the
objection  (unless the parties to the dispute agree in writing to a different period or the
Court orders a different period).  If the motion is not filed within this time, then the

Confidential Information designation shall be deemed waived.  If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the Confidential Information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.  Prior to the determination of such motion, the disputed information shall be treated by the parties as Confidential Information and shall be treated thereafter according to the Court's ruling subject to rights of appeal (e.g., a party has 10 days to appeal the magistrate judge's ruling to the Court).

13.   Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof.

(a)   Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" received hereunder, including all copies thereof, to counsel for the party that produced said materials.  Counsel for each party shall also destroy all extracts or summaries of Confidential Information Discovery Materials or documents containing such material.  Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such Confidential Information Discovery Materials within ten (10) business days of destruction; and

(b)   The Clerk of the Court shall, upon request of a party that produced any Confidential Information Discovery Materials, return to such party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order.  As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined

by any person without a prior Court order, after due notice to Counsel of Record, or the written stipulation of each of Counsel of Record.

14.     Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure.  Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.

15.     Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action.  The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter.  The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind.  If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine and therefore the party claiming the protection shall maintain the returned documents should the Court order that they are not protected.

**[PROPOSED] PROTECTIVE ORDER**

16.     The Court may modify upon a showing of good cause this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties, but a modification decreasing the protections afforded by this Protective Order will not be made without a showing of good cause since designating parties will be relying on the protections of this Protective Order in producing Confidential Information.

17.     Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

18.     This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order.  Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

DENIED WITHOUT PREJUDICE. Parties may resubmit with definitions of "Confidential" and "Confidential – Attorneys' Eyes Only."

DATED:  August 28, 2012

By:_____/s/_____
     Victor B. Kenton
     UNITED STATES DISTRICT COURT
     MAGISTRATE JUDGE

**[PROPOSED] PROTECTIVE ORDER**

Doc. # CC-267807 v.1

EXHIBIT 1

AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties in *His & Her Corp. v. Shake-N-Go Fashion, Inc. v. Model Model Hair Fashion, Inc.*, Case No. 2:11-cv-05323-GAF-VBK, pending in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure or use of Confidential Information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order, and subject to the Court's jurisdiction so that it may enforce this Order.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address

11

Doc. # CC-267807 v.1