# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIS & HER CORP. d/b/a HIS & HER HAIR GOODS CO., | Civil Action No. 11-05323 (GAF)(VBK) |
| Plaintiff, | |
| vs. | PROTECTIVE ORDER |
| SHAKE-N-GO FASHION, INC.; MODEL MODEL HAIR FASHION, INC.; C&J BEAUTY SUPPLY; TIGI BEAUTY SUPPLY; PINK BEAUTY SUPPLY & SALON, INC.; SAM'S BEAUTY; EBONY WIG & BEAUTY SUPPLY; WOW BEAUTY SUPPLY; and BASKET BEAUTY SUPPLY, | |
| Defendants. | |
| SHAKE-N-GO FASHION, INC. and MODEL MODEL HAIR FASHION, INC., | |
| Counterclaimants | |
| v. | |
| HIS & HER CORP. d/b/a HIS & HER HAIR GOODS CO., | |
| Counterdefendant. | |

**PROTECTIVE ORDER**

**GOOD CAUSE HAVING BEEN FOUND**, including based on the stipulation of the parties, to issue this protective order (which will remain in effect unless the Court orders otherwise or issues a protective order to replace it in ruling on the pending protective order motion currently scheduled to be heard December 16, 2014) as follows:

  A. Certain discovery and initial disclosure materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, are expected to contain information claimed by one or more of the parties to be confidential non-public information of a personal, financial, and/or commercial nature which may constitute a trade secret or proprietary information, including: price lists, sales information, customer information (including but not limited to lists), and supplier and/or manufacturer information, costs information, profit information (including but not limited to invoices and reports (e.g., sales reports) and other documents reflecting such information), and personal or private information (e.g., home addresses, credit card information) (collectively, "Information").

  B. The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate confidentiality and privacy concerns.  The parties wish to avoid the expense and delay of motions to compel discovery or for a protective order to obtain a determination of whether the matter is protected by confidentiality, privacy or other similar privilege.  Thus, an order thereon will conserve the resources of the Court and the parties.

  C. Further, the parties assert that materials designated as "Confidential Information" and "Confidential – Attorneys Eyes Only Information" pursuant to the procedures below should be protected by a Court order rather than by a private agreement because the entry of a protective order would carry the weight of the Court's imprimatur and authorize the exercise of its contempt power over any

potential violations of this protective order.  A private agreement between the parties would not serve to fully protect the confidential nature of the materials containing Confidential Information from unwarranted disclosure or use, as it would not provide sufficient remedies in the event of misappropriation and would therefore not be as strong of a deterrent against such misappropriation.  The parties intend this Stipulation and Order to address these concerns.

D. Definitions:

"Confidential Information" is defined as: non-public Information (as defined above), which the disclosing party has treated as confidential (i) to avoid harm to the competitive position of the disclosing party (e.g., sales information [e.g., gross annual revenues and gross annual numbers of pieces] and costs information), (ii) to avoid harm to the privacy rights of individuals (e.g., home addresses, credit card information), (iii) to protect a person's or entity's business operations, processes, and technical and developmental information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's or entity's competitive position, or (iv) because disclosure of such information would contravene an obligation of confidentiality to a third party or to a Court (e.g., agreements with third-parties, non-public marketing and advertising information, personal information of third-parties).

"Confidential – Attorneys Eyes Only Information " is defined as: Confidential Information (as defined above), which the disclosing party has treated as highly sensitive and more sensitive than Confidential Information whose review by another party or non-party (other than its or her counsel of record) would result in specific prejudice or harm that could not be avoided by less restrictive means, such as the identities of a party's customers, revenue and sales information as connected to specific customers, profit margins, non-public price lists, and supplier and/or manufacturer information.

1   Any items listed above as examples of a type of confidentiality designation
2   are intended merely as illustrative examples and should not be treated as an
3   admission by either party that any particular document or information in that
4   category necessarily warrants that designation or any designation. The proper
5   designation (if any) of any document or information should be based on the
6   particular facts and circumstances surrounding that document or information, in
7   light of the definitions above.

8

9   IT IS THEREFORE ORDERED:

10   1.   This Protective Order shall govern the disclosure and use by receiving
11   parties of any documents, testimony or other information the producing party
12   (including third party witnesses) considers in good faith to be, or to reflect or
13   reveal a trade secret, as that term is defined by California Civil Code § 3426.1, or
14   other proprietary information that is not publicly available designated as
15   "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY"
16   (hereafter, collectively, "Confidential Information") pursuant to paragraph 7.

17   2.   In the event this case proceeds to trial, all information designated as
18   Confidential Information becomes public unless sufficient cause is shown.  The
19   parties will address in connection with the final pre-trial conference, procedures for
20   such showing to be made to the Court.  The parties will cooperate in establishing
21   procedures acceptable to the Court to protect Confidential Information pursuant to
22   this Protective Order both at trial and upon any appeal of this case.

23   3.   For purposes of this Protective Order, "Discovery Materials" shall
24   include documents produced pursuant to the voluntary disclosure requirements of
25   Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to
26   Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition
27   testimony, and all other information that may be disclosed in the course of
28   discovery in this action, as well as compilations or excerpts of such materials.

1   4.   This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.  Each party shall retain the right to oppose disclosure or production of any information sought in discovery on any additional grounds outside the provisions of this stipulated Order.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order shall affect or prejudice or enhance the rights any party has to seek discovery from another party, a party's right to object to requests for discovery (including on the ground that the request seeks information that is confidential) or a party's right to seek to compel the production of information by way of a court order under the Federal Rules of Civil Procedure.  Nothing in this Order, or the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidential nature or non-confidential  nature of any such document or information.

5.   Each party shall keep confidential and not use or disclose any Confidential Information of another party (or third party witness) except as provided in paragraph 7 below.

6.   Any party (including third parties) may designate any Discovery Materials it deems to be confidential by designating such Discovery Materials as Confidential Information.

7.   Except as provided in paragraph 11, access to Discovery Materials designated Confidential Information shall be restricted in accordance with the following provisions:

a)   Discovery Materials, and any information extracted from them, which have been designated Confidential Information shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

    b)  "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named parties, which includes employees of any company, assisting in the defense of the action; (3) consultants and experts who have signed an undertaking in the form attached as Exhibit 1, (4) any professional vendors or other persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium and their employees and subcontractors); (5) any private mediator or other ADR professional retained or selected by the parties to assist in the resolution of the matter; (6) the court and court personnel, in accordance with the terms specified below in paragraphs (d)-(e), and (7) as agreed to by the producing party in writing.  There shall be no other permissible dissemination of CONFIDENTIAL Discovery Materials.

    c)  "CONFIDENTIAL - ATTORNEYS EYES ONLY" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) the court and court personnel, in accordance with the terms specified below in paragraphs (d)-(e), (3) any professional vendors or other persons or entities that provide litigation support services (e.g., photocopying;

1  videotaping; translating; preparing exhibits or demonstrations; organizing, storing,
2  retrieving data in any form or medium and their employees and subcontractors);
3  (4) outside experts and consultants, who are not officers, directors, employees, or
4  shareholders of a party or competitors, who have been retained in connection with
5  this action, and who have signed an undertaking in the form attached as Exhibit 1,
6  and (5) as agreed to by the producing party in writing.
7        d)    No copies, extracts or summaries of any document designated
8  Confidential Information shall be made except by or on behalf of Counsel of
9  Record; and such copies, extracts or summaries shall also be designated and given
10 the same confidentiality designation as the original and shall not be delivered or
11 exhibited to any persons except as provided in this Protective Order.
12       e)    Counsel of Record may allow access to Discovery Material
13 designated Confidential Information to their retained outside consultants, provided
14 that any such outside consultant who is to receive such material shall be provided
15 with a copy of this Protective Order and shall execute an undertaking in the form
16 annexed hereto as Exhibit 1.  Consultants shall be specifically advised that the
17 portion of their written work product, which contains or discloses the substance of
18 Discovery Material designated as Confidential Information is subject to all the
19 provisions of this Protective Order.  Counsel of Record disclosing such material to
20 consultants shall be responsible for obtaining the executed undertakings in advance
21 of such disclosure and also shall retain the original executed copy of said
22 undertakings.  No Discovery Material designated as Confidential Information may
23 be disclosed to an outside consultant prior to execution of the form attached as
24 Exhibit 1.
25       f)    During depositions, Counsel of Record may question any
26 witness about any Discovery Material designated Confidential Information to the
27 extent the witness has already had access to such Confidential Information.
28 However, where the witness or deponent testifies about such designated Discovery

1  Material, the party who marked the material as Confidential Information may
2  instruct the Court Reporter to mark and seal such testimony as separate from the
3  public record transcript and then shall be treated as Confidential Information of the
4  designating party.  Portions of deposition transcripts designated
5  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall
6  be so marked and the designated portions, including exhibits consisting of
7  Confidential Information Discovery Material (i.e., Discovery Material designated
8  as Confidential Information), shall be bound separately by the Court Reporter, kept
9  under seal, and maintained separately by the Court Reporter and the parties from
10 the non-confidential portions of the transcript, including exhibits, except as
11 otherwise stipulated by the Parties or ordered by the Court.
12             g)   Filings Under Seal.  In the event that any Confidential
13 Information Discovery Materials are attached to, or quoted or summarized in, any
14 pleadings, motion papers or other papers are filed with this Court, the portions of
15 pleadings or papers that contain the Confidential Information Discovery Materials
16 shall be filed under seal pursuant to this Order.  Pursuant to Local Rule 79-5: (i)
17 the original and judge's copy of the document shall be sealed in separate envelopes
18 with a copy of the title page attached to the front of each envelope; (ii) conformed
19 copies need not be placed in sealed envelopes; and (iii) the materials to be sealed,
20 shall not be electronically filed but shall be filed manually and a Notice of Manual
21 Filing shall first be electronically filed identifying the materials being manually
22 filed.  All papers filed under seal that refer to or rely upon such Confidential
23 Information shall designate the particular aspects that are confidential so that the
24 Court, in drafting orders, can determine whether there is material which the Court
25 should attempt not to disclose. Absent such advance notification, the Court will be
26 free to incorporate all such evidence in its written and oral rulings.  Copies of such
27 documents containing information subject to this Protective Order that are served
28 on counsel for the parties shall be identified  as containing Confidential

1 | Information and shall be maintained as Confidential Information as described
2 | herein.
3 |     8.    Nothing herein shall impose any restrictions on the use or disclosure
4 | by a party of its own Confidential Information or information it received outside of
5 | discovery from another party in this litigation.
6 |     9.    The disclosure of any Discovery Materials pursuant to the terms of
7 | this Protective Order is not intended to be and shall not be construed as a waiver of
8 | any right or a relinquishment of any confidentiality claim as to said Discovery
9 | Materials or as a waiver of any claim that the information disclosed is a trade
10 | secret or is proprietary. In the event that any Confidential Information is used in
11 | any Court proceeding in this action, it shall not lose its confidential status through
12 | such use, and the party using such shall take reasonable steps to maintain its
13 | confidentiality during such use.
14 |     10.    This Order shall be without prejudice to the right of a party (i) to bring
15 | before the Court at any time the question of whether any particular document or
16 | information is private or whether its use should be restricted or (ii) to present a
17 | motion to the Court under FRCP 26(c) for a separate protective order as to any
18 | particular document or information, including restrictions differing from those as
19 | specified herein.
20 |     11.    If any dispute arises concerning whether information designated as
21 | Confidential Information should in fact be considered as Confidential Information
22 | or whether it should be considered as a lower level of Confidential Information for
23 | purposes of this Protective Order, the party who objects to the designation of the
24 | information as Confidential Information shall give written notice of the objection.
25 | The parties shall then attempt to resolve the dispute informally and in good faith
26 | within five (five5) business days. If the parties do not resolve the dispute
27 | informally, the party who designated the information as Confidential Information
28 | shall have fifteen (15) business days from the date the written notice of objection is

1 given to file a motion seeking resolution of the objection (unless the parties to the
2 dispute agree in writing to a different period or the Court orders a different period).
3 If the motion is not filed within this time, then the Confidential Information
4 designation shall be deemed waived.  If such a motion is timely filed, the party
5 asserting confidentiality shall have the burden of proving that the Confidential
6 Information is protected by (a) a right to privacy or (b) trade secret or other
7 confidential research, development, or commercial information within the meaning
8 of Rule 26(c) of the Federal Rules of Civil Procedure.  Prior to the determination
9 of such motion, the disputed information shall be treated by the parties as
10 Confidential Information and shall be treated thereafter according to the Court's
11 ruling subject to rights of appeal (e.g., a party has 10 days to appeal the magistrate
12 judge's ruling to the Court).

13       12.    Upon final resolution of this litigation, including any appellate
14 proceedings or expiration of the time allowed therefore, and within 60 days
15 thereof.

16       a)    Unless otherwise agreed, counsel for each party shall return or
17 destroy all Discovery Materials marked "CONFIDENTIAL" or "CONFIDENTIAL
18 - ATTORNEYS EYES ONLY" received hereunder, including all copies thereof, to
19 counsel for the party that produced said materials.  Counsel for each party shall
20 also destroy all extracts or summaries of Confidential Information Discovery
21 Materials or documents containing such material.  Certification of such
22 destruction, under penalty of perjury, is to be made in writing to counsel for the
23 party who produced such Confidential Information Discovery Materials within ten
24 (10) business days of destruction; and

25       b)    The Clerk of the Court shall, upon request of a party that
26 produced any Confidential Information Discovery Materials, return to such party
27 all documents and things containing or referring to such Discovery Materials that
28 were filed under seal pursuant to this Protective Order.  As to those documents or

1  things containing such information which cannot be so returned, they shall
2  continue to be kept under seal and shall not be examined by any person without a
3  prior Court order, after due notice to Counsel of Record, or the written stipulation
4  of each of Counsel of Record.

5        13.    Nothing contained in this Protective Order shall result in a waiver of
6  rights, nor shall any of its terms preclude a party from seeking and obtaining, upon
7  an appropriate showing, additional protection with respect to personal, financial,
8  commercial, confidential, trade secret or other proprietary documents, information
9  or any other discovery material or trade secrets, including, but not limited to,
10 restrictions on disclosure.  Nothing contained herein relieves any party of its
11 obligation to respond to discovery properly initiated pursuant to the Discovery
12 Order.

13       14.    Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to
14 the following treatment of any privileged or work product materials inadvertently
15 disclosed in this action.  The parties agree that disclosure of information protected
16 by any privilege in this litigation shall not constitute a waiver of any otherwise
17 valid claim of privilege, and failure to assert a privilege in this litigation as to one
18 document or communication shall not be deemed to constitute a waiver of the
19 privilege as to any other document or communication allegedly so protected, even
20 involving the same subject matter.  The parties agree that any inadvertent inclusion
21 of any privileged or work product material in a production in this action shall not
22 result in the waiver of any associated privilege or protective doctrine nor result in a
23 subject matter waiver of any kind.  If any such material is inadvertently produced,
24 the recipient of the document agrees that, upon request from the producing party, it
25 will promptly return all copies of the document in its possession, delete any
26 versions of the documents on any database it maintains, and make no use of the
27 information contained in the document, provided, however, that the party returning
28 such document shall thereafter have the right to apply to the Court for an order that

1  such document was not protected (prior to the inadvertent disclosure) from
2  disclosure by any privilege or doctrine and therefore the party claiming the
3  protection shall maintain the returned documents should the Court order that they
4  are not protected.
5      15.  The Court may modify upon a showing of good cause this Protective
6  Order at any time or consider any dispute which may arise hereunder upon motion
7  of any of the parties, but a modification decreasing the protections afforded by this
8  Protective Order will not be made without a showing of good cause since
9  designating parties will be relying on the protections of this Protective Order in
10 producing Confidential Information.
11     16.  Nothing in this Protective Order affects in any way, the admissibility
12 of any documents, testimony or other evidence at trial.
13     17.  This Protective Order shall remain in effect for the duration of the
14 action unless terminated by stipulation executed by the Counsel of Record or
15 pursuant to Court Order.  Insofar as they restrict the communication, treatment and
16 use of information subject to this Protective Order, the provisions of this Protective
17 Order shall continue to be binding after the termination of this action, unless the
18 Court orders otherwise.
19     SO ORDERED.

DATED: December 3, 2014        By:  _____/s/_____
                                    Hon. Victor B. Kenton
                                    Magistrate Judge of the United
                                    States District Court

EXHIBIT 1

AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

REGARDING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties in His & Her Corp. v. Shake-N-Go Fashion, Inc. v. Model Model Hair Fashion, Inc., Case No. 2:11-cv-05323-GAF-VBK, pending in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure or use of Confidential Information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order, and subject to the Court's jurisdiction so that it may enforce this Order.

Dated: _____    _____
                                 Signature

                                 _____
                                 Printed Name

                                 _____
                                 Address