UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:11-cv-05323-CAS(VBKx) | Date | March 13, 2015 |
|---|---|---|---|
| Title | HIS & HER CORP. v. SHAKE-N-GO FASHION, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers)** PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGMENT (Dkt. No. 195)

The Court is in receipt of plaintiff's *ex parte* application ("application") to strike defendants' pending motion for summary judgment, as well as defendants' opposition and plaintiff's reply thereto. Dkt. Nos. 195, 200, 202. For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the application to strike.

**I.    BACKGROUND**

Plaintiff filed this action on June 24, 2011, alleging that defendants infringed on plaintiff's trademarked "CUTICLE" line of hair extensions by marketing a line of hair extensions bearing the confusingly similar mark "Cuticle Remy." Dkt. No. 1. The operative Second Amended Complaint ("SAC") was filed on January 12, 2015. Dkt. No. 167. Defendants have counterclaimed on the grounds that (1) the asserted trademark should be cancelled because it is generic, and (2) plaintiff committed fraud on the Trademark Office. Dkt. No. 168.

On May 23, 2012, defendants filed a motion for summary judgment "on the discrete issue of genericness." Dkt. No. 45. In that motion, defendants argued that (1) plaintiff had used the term "cuticle" in a generic manner; (2) plaintiff had "essentially admitted that the term cuticle is generic in documents filed in" a separate litigation; (3) competitors use the term in a generic manner; and (4) relevant media sources use the term in a generic manner. Id. at 9–21. On August 30, 2012, the Court granted summary judgment for defendants on plaintiff's claims and defendants' counterclaim, finding that " 'cuticle hair' is a generic term that is understood to refer to hair extensions with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:11-cv-05323-CAS(VBKx) | Date | March 13, 2015 |
|---|---|---|---|
| Title | HIS & HER CORP. v. SHAKE-N-GO FASHION, INC., ET AL. | | |

cuticle (the outer layer of human hair) laying in the same direction and not to refer specifically to products manufactured and sold by" plaintiff.  Dkt. No. 103 at 2.  On September 25, 2012, the Court entered judgment in favor of defendants and ordered that plaintiff's federal trademark (No. 3,020,614) be cancelled due to genericness.  Dkt. No. 110.  Plaintiff appealed.

On May 12, 2014, the United States Court of Appeals for the Ninth Circuit reversed in a memorandum disposition.  The Ninth Circuit found that this Court had erred in weighing the evidence by discounting the probative value of plaintiff's consumer and wholesaler declarations, and by discrediting certain testimony.  The Ninth Circuit held "that genuine issues of material fact exist as to the genericness of Plaintiff's 'cuticle' mark," and "reverse[d] the judgment of the district court and remand[ed] the case for trial."  The Ninth Circuit issued its mandate on June 4, 2012.  Dkt. No. 120.

On August 14, 2014, this Court issued a scheduling and case management order.  That order set March 30, 2015 as the "last day for hearing motions," and set a jury trial to begin on June 2, 2015.[1]  Dkt. No. 131.  On January 2, 2015, pursuant to the parties' stipulation, the deadline for hearing motions was continued to April 6, 2015.  Dkt. No. 164.

On March 6, 2015, defendants filed a motion for summary judgment.  Dkt. No. 192.  This motion seeks judgment as a matter of law on the grounds that (1) "cuticle" is generic, and therefore cannot be trademarked, id. at 15–17; and (2) no actual confusion or likelihood of confusion exists as to the source, sponsorship, or affiliation of defendants' products with regard to plaintiff's trademark, so that plaintiff cannot establish infringement, id. at 18–25.  The motion relies heavily on a consumer survey conducted following remand.  The motion states that in defendants' previous motion for summary judgment, "neither party presented survey evidence addressing the only material issue, whether a majority of potential customers of hair extensions perceived the word 'cuticle' as generic when used in reference to hair extensions."  Id. at 10.

---

[1] On December 2, 2014, this action was transferred to the undersigned judicial officer because of the retirement of the previously presiding judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:11-cv-05323-CAS(VBKx) | Date | March 13, 2015 |
|---|---|---|---|
| Title | HIS & HER CORP. v. SHAKE-N-GO FASHION, INC., ET AL. | | |

On March 9, 2015, plaintiff filed an *ex parte* application to strike the pending summary judgment motion. Dkt. No. 195. Plaintiff argues that defendants' motion violates the rule of mandate and law of the case doctrines, as well as this Court's Local Rules.

## II.   ANALYSIS

"The rule of mandate is similar to, but broader than, the law of the case doctrine." United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995). "A district court, upon receiving the mandate of an appellate court, 'cannot vary it or examine it for any other purpose than execution.' " Id. (quoting In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895)). After reversal and remand, a district court cannot "entertain a proceeding inconsistent with the reversal." Id. A district court may, however, "act on 'matters left open by the mandate.' " Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust, 824 F.2d 765, 767 (9th Cir. 1987). "Thus, although the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it 'leaves to the district court any issue not expressly or impliedly disposed of on appeal.' " Nguyen v. United States, 792 F.2d 1500, 1502 (9th Cir. 1986) (quoting Stevens v. F/V Bonnie Doon, 731 F.2d 1433, 1435 (9th Cir. 1984)). In the Ninth Circuit, "if a district court errs by violating the rule of mandate, the error is a jurisdictional one." United States v. Thrasher, 483 F.3d 977, 982 (9th Cir. 2007).

Plaintiff argues that defendants' pending motion is foreclosed by the Ninth Circuit's mandate finding triable issues of fact on genericness and remanding "for trial." See Twentieth Century Fox Film Corp. v. Entertainment Distributing, 429 F.3d 869, 882–83 (9th Cir. 2005) (district court did not err in limiting scope of trial, where in vacating prior grant of summary judgment appellate court had remanded "for trial" of only remaining issue of material fact rather than issuing an "open remand"; district court "properly conducted the trial [the Ninth Circuit] ordered").

With regard to the aspects of defendants' summary judgment motion that seek a ruling that plaintiff's trademark is invalid for genericness, the Court agrees with plaintiff. The Ninth Circuit expressly held "that genuine issues of material fact exist as to the genericness of Plaintiff's 'cuticle' mark." To consider an argument that there are no triable issues of material fact as to genericness would plainly contradict that holding, especially given the Ninth Circuit's remand "for trial" on that issue. This is so even if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:11-cv-05323-CAS(VBKx) | Date | March 13, 2015 |
|---|---|---|---|
| Title | HIS & HER CORP. v. SHAKE-N-GO FASHION, INC., ET AL. | | |

defendants have subsequently gathered more evidence in support of their position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (weighing the evidence is improper on a motion for summary judgment). Moreover, although defendants have presented new survey evidence in support of their position on genericness, they offer no explanation as to why they could not have obtained such evidence before filing their prior summary judgment motion.[2] Accordingly, the Court **STRIKES** defendants' pending motion to the extent it seeks summary judgment on the issue of genericness.

But to the extent that defendants' motion for summary judgment argues that there is no triable issue of fact as to actual confusion or likelihood of confusion between its products and plaintiff's marks—and therefore no triable issue as to infringement—the Court declines to strike the motion. Those issues were not raised in the previous motion for summary judgment, and the Ninth Circuit did not expressly or impliedly consider them. Moreover, a finding that there is no likelihood of confusion as a matter of law would not be inconsistent with the Ninth Circuit's determination that genuine issues of fact remain as to the genericness of plaintiff's mark.[3]

## III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** plaintiff's *ex parte* application to strike defendants' pending motion for summary

---

[2] For this reason, to the extent the Court's interpretation of the Ninth Circuit's mandate is incorrect, the Court would still not permit a successive summary judgment motion on the issue of genericness. See Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010) ("[D]istrict courts have discretion to permit successive motions for summary judgment." (emphasis added)).

[3] For the same reason (among others), the Court is not persuaded by plaintiff's contentions that these new arguments should be stricken under the law of the case doctrine, or pursuant to Local Rules 7-17 or 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:11-cv-05323-CAS(VBKx) | Date | March 13, 2015 |
|---|---|---|---|
| Title | HIS & HER CORP. v. SHAKE-N-GO FASHION, INC., ET AL. | | |

judgment. The Court strikes those portions of defendants' motion that seek summary judgment on the issue of genericness. The application to strike is otherwise denied.[4]

    IT IS SO ORDERED.

                                                                                                                       00 : 00

                                           Initials of Preparer              CMJ

---

[4] The Court has considered defendants' argument that the *ex parte* application should be denied because there is no emergency and plaintiff has not established that it is without fault in creating any need for relief. The Court finds that the most efficient and just course is to resolve the issues considered in this order now, rather than requiring the parties to argue them in further briefing on the summary judgment motion, or in a separate motion.